UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

CAMERON CATES,

                          Plaintiff,

    -against-                                        3:21-CV-0805 (LEK/ML)

JARED SHLEMOVITZ, d/b/a JUNTO
SOUNDS, *et al.*,

                          Defendants.

## **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

        Plaintiff Cameron Cates, proceeding pro se, brings this action against defendants Jared Shlemovitz, (doing business as Junto Sounds), Procter & Gamble Corporation, (doing business as Febreeze), Grey Advertising Corporation ("Grey"), and WPP Group USA Incorporated (collectively "Defendants"), alleging that Defendants infringed Plaintiff's copyright on a work that Plaintiff authored. Dkt. No. 1 ("Complaint"). Before the Court is Defendant's motion to dismiss. Dkt. Nos. 26 ("Motion to Dismiss" or "Motion"), 28 ("Defendants' Memorandum of Law"). For the reasons that follow, the Motion is granted and Plaintiff's Complaint is dismissed without prejudice.

**II.    BACKGROUND**

        The following factual allegations are assumed to be true in evaluating the Motion to Dismiss. <u>See</u> <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 76 (2d Cir. 2015).

        In 1982 Plaintiff, a "multi-disciplined and national published artist," composed the song "She Loves Her Job" (the "Infringed Composition"). Compl. ¶¶ 10–11. Plaintiff submitted the finished version of the Infringed Composition to the United States Library of Congress'

Copyright Office on February 24, 1983, along with eight other finished sound recordings compiled under the title "The songs I wrote in my spare time." Id. ¶ 13.

Around Spring of 2021, it became known to Plaintiff that Defendants "reproduced synchronized, distributed, and/or publicly performed a substantial portion of the Infringed Composition without Plaintiff's authorization." Id. ¶ 14. Plaintiff contends the "substantial portion" of the Infringed Composition includes the "five note melodic hook noted in Plaintiff's original manuscript measure five and six in sequence, sounded as the finished audio recording registered with the U.S Copyright Office on February 24, 1983." Id. ¶ 15.

In 2017, Defendants created a series of "Febreeze" advertisements that used a similar five note phrase, sung as "[l]a, la, la, la, la." Id. ¶ 16. The phrase has been used in television, radio and streaming commercial broadcasts since that time. Id. ¶ 15. Plaintiff notes that this "five note melodic hook in cadence, melody, and meaning" is strikingly similar to his Infringed Composition. Id. Further, Defendants composed an album that included "eight multi-genre songs of pop, hip-hop, and rap" known as "The Freshness" that also included phrases resembling the Infringed Composition. Id. ¶ 17–18. Without any permission or previous authorization from Plaintiff, Defendants uploaded "The Freshness" on March 11, 2019, to Sound Cloud, a publicly accessible website. Id. ¶ 19.

Plaintiff made Defendants aware of the alleged infringement through two emails sent on April 26 and 28 of 2021, as well as a phone conversation with Grey's corporate attorney, Katrina Dibbini. Id. ¶ 23. Plaintiff asserts a cause of action under federal copyright law, 17 U.S.C §§ 101, 105, and alleges that Defendants acted with willful disregard for Plaintiff's rights and that as a "direct and proximate result of the infringement by Defendants, Plaintiff is entitled to damages in an amount to be determined at trial." Compl. ¶¶ 24–25.

### III. LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

Given Plaintiff's pro se status, the Court is obligated to construe the allegations in the Complaint with the utmost leniency. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

### IV. DISCUSSION

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Clanton v. UMG Recordings, Inc., No. 20-CV-5841, 2021 U.S. Dist. LEXIS 153899, *1 (S.D.N.Y. 2021) (quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). "In order to establish that a defendant copied constituent elements of an original work, a plaintiff must establish that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's" work. Id. (internal quotations marks omitted).

"Actual copying can be shown through either (1) direct evidence of copying or (2) circumstantial evidence that the defendants had access to the plaintiff's work." Id. "Such circumstantial evidence can be demonstrated through either (1) a particular chain of events by which the defendant might have gained access to the work, or (2) facts showing that plaintiff's work was widely disseminated, such that access can be inferred." Id.

### A. Valid Copyright

Defendants contest whether Plaintiff holds a valid copyright to the brief five-note phrase that Defendants allegedly copied. See Defs.' Mem. Of L. at 9–12. However, because, as described below, Plaintiff has failed to sufficiently allege actual copying, the Court need not consider these arguments. Thus, "[f]or the purposes of this motion, the Court assumes that [Plaintiff] owns a valid copyright." Clanton, 2021 U.S. Dist. LEXIS 153899 at *1.

### B. Actual Copying

As described above, actual copying may be shown either through direct evidence or through circumstantial evidence. The Court considers each in turn.

### 1. Direct Evidence

Plaintiff has not alleged any direct evidence that Defendants actually copied the Infringed Composition. While Plaintiff does claim that Defendants "reproduced" or "synchronized" his composition, he has pled no facts to support this conclusory allegation. See generally Compl. As such, Plaintiff has not plausibly pled that there is direct evidence that Defendants actually copied the Infringed Composition.

### 2. Circumstantial Evidence

In the absence of direct evidence of actual copying, a plaintiff may establish copying circumstantially by demonstrating that "the person who composed the defendant's work had access to the copyrighted material, and that there are similarities between the two works that are 'probative of copying.'" New Old Music Grp., Inc. v. Gottwald, 122 F. Supp. 3d 78, 85 (S.D.N.Y. 2015) (quoting Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d. Cir. 2003)).

As discussed above, a showing of access can come in two forms; (1) a chain of events, or (2) a showing that the work was widely disseminated. A plaintiff need only prove one of these in order to prove the access component of circumstantial evidence.

#### a. Chain of Events

A "chain of events" theory of access may "rel[y] on a somewhat attenuated chain of events extending over a long period of time and distance." Gaste v. Kaiserman, 863 F.2d 1061, 1067 (2d. Cir. 1988); see also Feuer-Goldstein, Inc. v. Michael Hill Franchise Pty. Ltd., 2019 U.S. Dist. LEXIS 51980, *15 (N.D.N.Y. 2019). Furthermore, "[a] copyright infringement plaintiff need not prove that the infringer actually saw the work in question; it is enough to prove that the infringer (or his intermediary) had the mere opportunity to see the work and that the subsequent material produced is substantially similar to the work." Jorgensen, 351 F.3d at 55.

However, a plaintiff still must allege a plausible chain of events leading to Defendants' access. Clanton, 2021 U.S. Dist. LEXIS 153899 at *11 ("The language from Jorgensen stating that all a plaintiff must show is that the defendant 'had the mere opportunity to see the work' applies only when the plaintiff has plausibly alleged a chain of events through which his work was accessed by the defendant. The mere posting of the work on the internet is not sufficient to plead such a chain of events.").

Here, while Plaintiff has sufficiently plead that the Infringed Composition has been filed with the United States Library of Congress' Copyright Office, he has provided no account of a chain of events whereby Defendants would have had an opportunity to see his composition. See generally Compl. As such, Plaintiff has failed to demonstrate access through a chain of events.

### b.  Wide Dissemination

"A work is 'widely disseminated' when it has had 'considerable commercial success' or is 'readily available on the market.'" Webb v. Stallone, 910 F. Supp. 2d 681, 686 (S.D.N.Y. 2012) (quoting Silberstein v. Fox Ent. Grp., 424 F. Supp. 2d 616, 627 (S.D.N.Y. 2004)). Here, Plaintiff has pled no facts relating to the dissemination of the infringed work. See generally Compl. He has not alleged that the composition has been publicly posted on any forum or website, played over radio or television, or otherwise made available to the public. See generally id. For this reason, Plaintiff has failed to sufficiently allege that the Infringed Composition was widely disseminated.

### V.   CONCLUSION

In order to prove that a defendant copied an original work, as required to state a claim for copyright infringement, a plaintiff must prove that: (1) the defendant actually copied the plaintiff's work; and (2) the copying was illegal because a substantial similarity exists between

the defendant's work and the protectable elements of the plaintiff's work. Clanton, 2021 U.S. Dist. LEXIS 153899 at *1. Having found that Plaintiff has not plead sufficient facts to plausibly establish that Defendants actually copied his work, the Court need not assess whether the Infringed Composition was substantially similar to Defendants' work nor whether it is sufficiently original.

Given Plaintiff's pro se status, he may file an amended complaint should he wish to plead facts showing either a chain of events that would have given Defendants access to his work, or that his work was widely disseminated.

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 24) is **GRANTED** and Plaintiff's Complaint is **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 27, 2022
         Albany, New York

LAWRENCE E. KAHN
United States District Judge